# United States District Court
# Northern District of Texas
Abilene Division

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:12 am, Mar 23, 2022
JEFFREY P. COLWELL, CLERK

UNITED STATES OF AMERICA

V.

JUSTIN TURCHECK

Colorado Case: 1:22-mj-00052-NYW
CASE NUMBER: 1:14-CR-025-H

MAG. CASE NUMBER: _____

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

JUSTIN TURCHECK

ADDRESS (STREET, CITY, STATE):

PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT):    DATE IMPOSED

U.S. District Court, Northern District of Texas, Abilene Division    11/14/14

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

U.S. Magistrate Judge John R. Parker, U.S. District Court, Northern District of Texas, Abilene Division

_Karen Mitchell_
Karen Mitchell, U.S. District Court Clerk

s/ M. Spangler                    03/18/2022
(By) Deputy Clerk                 Date

## RETURN

Warrant received and executed.

Date Received        Date Executed

Executing Agency (Name and Address)

Name: _____   (By) _____   Date: _____

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

**Colorado Case: 1:22-mj-00052-NYW**

| | |
|---|---|
| Person Under Supervision: | Justin Turcheck |
| Case No.: | 1:14-CR-025-H(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sam R. Cummings (Case reassigned to U.S. District Judge James Wesley Hendrix on March 12, 2021.) |
| Date of Original Sentence: | November 14, 2014 |
| Original Offense: | Possession of Child Pornography and Aiding and Abetting, 18 U.S.C. §§ 2252A(a)(5)(B) and 2, a Class C felony |
| Original Sentence: | 78 months custody, 8-year term of supervised release |
| Detainers: | None |
| U.S. Marshals No.: | 48264-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | May 8, 2020 |
| Assistant U.S. Attorney: | Steven M. Sucsy |
| Defense Attorney: | Michael Shaun Galovich (Retained) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

### I.

**Violation of Special Condition No. 2**

The defendant shall neither possess nor have under his control any sexually oriented or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

**Violation of Special Condition No. 3**

The defendant shall not possess, have access to, or utilize a computer or internet connection device without permission of the Court.

**Violation of Additional Condition No. 6**

The defendant's use of computers and internet access devices must be limited to those the defendant requests to use and which the probation officer authorizes.

**Violation of Standard Condition No. 3**

The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Justin Turcheck
Petition for Person Under Supervision

**Nature of Noncompliance**

Justin Turcheck (Turcheck) violated these conditions of supervised release as evidenced by his written and verbal admission to Senior U.S. Probation Officer Walter Vanni (Sr. USPO Vanni), District of Colorado, as well as his treatment providers at RSA, a federal contract treatment provider in the District of Colorado, stating he viewed pornography on an unauthorized laptop which Turcheck had purchased at Walmart in June 2020 without the permission of the Court or as authorized by the probation officer. Turcheck further admitted to using the unauthorized device to view pornography twice weekly from June 2020 until January 2022. Turcheck also admitted verbally and in writing to viewing swimsuit and underwear ads of minors as well as photo series from websites such as "New Star Models" and admitted to going to websites to purchase photo series which consisted of minors in their swimsuits and underwear.

Turcheck further violated these terms of supervised release as evidenced by his written and verbal admission to Sr. USPO Vanni of his accessing the internet on his mother's laptop and smartphone beginning March 2021 through December 2021 without permission of the Court or as authorized by his probation officer.

Turcheck also violated these conditions of supervised release as evidenced by his written and verbal admission to Sr. USPO Vanni indicating he failed to truthfully answer multiple inquiries concerning whether he accessed the internet or any internet access device or viewed any pornography during multiple contacts with Sr. USPO Vanni.

II.

**Violation of Standard Condition No. 9**

The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Turcheck violated this condition of supervised release as evidenced by his written and verbal admission to Sr. USPO Vanni that he associated by phone and in-person with convicted sex offenders including Walden Schmidt, Kenneth Sturm, Ryan Bailey, Dale Ilgen, Francisco Aybar, Keven Shea, as well as Bureau of Prison inmates Ronald Shankey (previous cellmate), Gary Sheldon, and Luke (Last Name Unknown) without the permission of the probation officer.

III.

**Violation of Special Condition No. 4**

The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

Justin Turcheck
Petition for Person Under Supervision

### Violation of Additional Condition No. 5

The defendant must participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph and visual reaction time measuring instruments as determined therapeutically appropriate. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency.

### Nature of Noncompliance

Turcheck violated these conditions of supervised release by failing to participate in sex offender treatment programming until successfully discharged and failing to comply with the rules and restrictions of the treatment agency (RSA) as evidenced by written documentation provided by RSA which unsuccessfully discharged Turcheck from their treatment program on March 8, 2022, for the following reasons: unapproved and unmonitored internet access on his mother's smartphone and computer; unapproved association with other RSA clients; purchasing an unapproved and unmonitored laptop computer; viewing and masturbating to online pornography; viewing, masturbating to, and purchasing subscriptions of photos of minors in their swimsuits and underwear; frequenting liquor stores; violation of moderate therapeutic intervention contract and behavioral contract; ongoing secret-keeping throughout treatment; and noncompliance and lack of communication with community supervision team.

### Personal History

On May 8, 2020, Turcheck completed his custodial sentence and began his term of supervised release in the District of Colorado. Prior to his release, Turcheck requested to relocate to the District of Colorado to be near his family and social support network. As such, he was provided a Waiver of Hearing to Modify Conditions of Supervised Release or Extend Term of Supervision, which added eight (8) additional conditions of supervision requested by the District of Colorado to supervise and monitor Turcheck in the District of Colorado. Turcheck voluntarily signed the noted waiver on May 8, 2019, and the additional conditions were subsequently imposed on June 6, 2019.

During this term of supervision, Turcheck has resided with his mother and father at their residence located in Morrison, Colorado. He has been employed at Peak 1 Stairs and Woodworking (May 2020 to December 2020; Austin Hardwoods (December 2020 to April 2021); and Casework Logic, LLC (April 2021 to present), during his term of supervision.

On May 22, 2020, as directed by the probation officer, Turcheck began sex offender specific treatment services by signing and agreeing with conditions outlined in RSA's treatment contract, which specified the rules and restrictions of the program. During this period of therapy, Turcheck participated, but failed to fully comply with the rules and restrictions of the program and kept multiple secrets from his therapists and probation officer resulting in unsuccessful discharge.

Justin Turcheck
Petition for Person Under Supervision

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | At least 5 years up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §§ 7B1.1(a)(3) and 7B1.3(a)(2) and (c),(1) p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Justin Turcheck
Petition for Person Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2022
Respectfully submitted,

*Scott Cannon* (signature)

Scott Cannon
Senior U.S. Probation Officer
Abilene Division
Phone: 325-690-3982

Approved,

(signature)

Amber B. Dunn
Supervising U.S. Probation Officer
Abilene/Dallas Divisions
Phone: 214-753-2487

**Order of the Court:**

☐ No action.

☑ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

☐ File under seal until further order of the Court.

(signature)

The Honorable James Wesley Hendrix
U.S. District Judge

3/18/22
Date